(15 Misc. Rep. 148.)

ROSENQUEST et al. v. CANARY et al.

(Common Pleas of New York City and County, General Term.  December 27, 1895.)

LEASES—DEPOSIT AS SECURITY—LIQUIDATED DAMAGES.

   Under a lease providing for a deposit as security for observance by the tenants of the conditions, to be applied to the rent for the last two months of the term, provided the tenants had up to that time fully performed their obligations, but to be forfeited as liquidated damages in case of breach of a condition, the tenants, having, by failure to pay rent for a preceding month, broken a condition, cannot have the deposit applied on the rent defaulted, but may be dispossessed for the default.

Appeal from special term.

Action by J. Wesley Rosenquest and others against Thomas Canary and others.  Judgment for plaintiffs.  Defendants appeal.  Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Howe & Hummel, for appellants.

Vanderpoel, Cuming & Goodwin, for respondents.

PER CURIAM.  The covenant in the lease, providing for the disposal of the sum paid as security for the observance by the tenants of the conditions, is very clear in its terms, and is open to but one construction.  This is that the deposit was applicable to the rent for the last two months of the term only, and then upon condition that the tenants, up to that time, had fully performed their obligations.  By failing to pay rent for a preceding month, one condition was broken, and, according to the express agreement, the deposit was forfeited as liquidated damages.  The claim that this deposit should have been applied upon the rent defaulted cannot be upheld under the terms of the contract, and for such default the appellants were rightfully dispossessed.

Final order affirmed, with costs.